IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL TAIT, <br> JOSHUA SILVER, and <br> ANN BOULAIS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## INTRODUCTION

1.  This civil rights lawsuit seeks to vindicate the right of tour guides in Philadelphia to earn a living by sharing with their fellow citizens their knowledge and opinions of the history, culture, and geography of the city, without first needing to obtain special government permission to speak. Plaintiffs all earn money by leading tours, for compensation, through various public rights of way in the city of Philadelphia. Under a recent amendment to the Philadelphia Code, Plaintiffs will soon be required—under threat of significant fines—to submit to a government licensing program (including a requirement that they pass a test and submit to continuing-education requirements) in order to continue to speak as they have been speaking. While Plaintiffs are all committed to leading high-quality, accurate tours, they are also committed to protecting their right to speak freely in the birthplace of the Constitution and are unwilling to submit to a program under which the government will have the authority to determine who may speak and who may not.

1

## JURISDICTION AND VENUE

2. Plaintiffs bring this lawsuit pursuant to the First and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs seek injunctive and declaratory relief against the enforcement of Philadelphia's tour guide licensing program, §§ 9-214(3)(a), 9-214(12) and 9-214(13) of the Philadelphia Code, which facially and as applied unconstitutionally restrict Plaintiffs' right to speak publicly and to receive compensation for doing so.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1334.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Michael Tait is a resident of Philadelphia County who resides at 1860 Nester St. (1st Floor), Philadelphia, PA 19115. He regularly gives tours of Center City Philadelphia for compensation, both as an employee of the Constitutional Guided Walking Tours, LLC, a Philadelphia-based tour company, and as an independent contractor working for various tour companies operating in Philadelphia.

6. Plaintiff Joshua Silver is a resident of Philadelphia County who resides at 1020 Pine St (#2R), Philadelphia, PA 19107. He regularly gives tours of Center City Philadelphia for compensation as an independent contractor working for various tour companies operating in Philadelphia.

7. Plaintiff Ann Boulais is a resident of Philadelphia County and an employee of American Trolley Tours, a Philadelphia-based tour company located at 4941 Longshore Avenue,

Philadelphia, PA 19135. As an employee of American Trolley Tours, she regularly gives tours of Center City Philadelphia to paying customers.

8. Plaintiffs' tours consist of providing information about the city of Philadelphia to a group of one or more persons.

9. Defendant City of Philadelphia is a political and geographical subdivision of the Commonwealth of Pennsylvania.

## STATEMENT OF FACTS

### I. Plaintiffs' Tours of Philadelphia

10. Plaintiffs have given and continue to give a variety of types of tours of the city of Philadelphia. All have given general historical tours of the Center City Tourist Area.

11. Plaintiffs also have given and continue to give other types of tours, such as "haunted history" tours focusing on the city's ghost legends and folklore, sports history tours, and African-American history tours.

12. Among the three of them, Plaintiffs have led literally hundreds of tours and possess substantial expertise in the city of Philadelphia's geography and history. Indeed, Plaintiff Boulais is responsible for writing much of the script used by American Trolley Tours' guides on their tours.

13. Plaintiffs uniformly believe their tours are accurate, informative, and entertaining. They also, however, believe that a mandatory licensing scheme will violate their closely-held constitutional rights while doing nothing to improve tours in Philadelphia. They do not wish to be forced to ask for government permission before engaging in their chosen occupation: earning a living by sharing their knowledge and opinions with their fellow citizens.

14. In leading their tour groups, Plaintiffs do not act in a fiduciary capacity for their clients. They do not offer legal, financial, or medical advice. They do not purport to exercise judgment on behalf of any particular individual.

15. Individuals in Philadelphia receive compensation to lead a wide variety of tours, some of which include tours focused on African-American history, tours focused on Freemasonry, and, during an event called "Philly Beer Week," tours focused on beer.

16. Provided these tours traveled through the Center City Tourist Area, section 9-214 would require them to be led by a city-certified tour guide, regardless of their topic. The requirements to obtain a tour-guide license would not vary based on the topic of the tour.

## II. Philadelphia's Tour-Guide Licensing Scheme

17. On or about April 16, 2008, Philadelphia Mayor Michael Nutter signed into law Bill No. 080024-A, which created a new section of Chapter 9-200, section 9-214, of the Philadelphia Code concerning a new licensing scheme for the city's tour guides.

18. Section 9-214 makes it illegal for individuals to guide (or offer to guide) one or more persons on the public rights-of-way through the Center City Tourist Area (defined as the area between the Delaware and Schuylkill Rivers and Vine and South Streets) without first obtaining a "tour guide certificate" from the city. In order to obtain such a certificate, would-be guides must submit a written application, pay a fee, and pass a written examination of their knowledge of "the geography, history, historic sites, historic structures, historic objects, and other places of interest" in the Center City Tourist Area. The certificate is valid for two years; guides must comply with continuing education requirements in order to have their certificate renewed.

4

19. This certificate is only necessary if an individual "provides information on the [c]ity's geography, history, historic sites, historic structures, historic objects, or other places of interest" while guiding or directing a person or group around the Center City Tourist Area.

20. Some companies in Philadelphia provide services to visiting groups that include an individual who guides the group to pre-set appointments at certain attractions (such as the Christ Church and Independence Hall). These guides would not be required to obtain a special license because they do not provide additional information while guiding these groups; the licensing requirement would only be triggered if they spoke to the group about the city.

21. Further, the certificate is only necessary if an individual "guides or directs" (or offers to guide or direct) people while providing this information; providing information without directions requires no such certificate. Individuals who stand still and provide information about the city (like librarians, hotel concierges, or historical reenactors) need not obtain a special license.

22. Some or all of the public rights-of-way regulated by section 9-214 are traditional public forums.

23. Section 9–214 authorizes the Mayor of Philadelphia to designate a department to administer the licensing program and develop the test. Upon information and belief, no department has yet been designated, nor has a test been developed.

24. The department administering the program will have the discretion to exempt from the written-test requirement the employees of any tour company that has an educational program the department deems "equivalent to" the written exam. No standards for or mechanisms for review of this discretion are provided for.

25. Section 9–214 will become effective on or about October 13, 2008. At that point, Plaintiffs will be subject to fines of up to $300 for giving unauthorized tours, unless they either refrain from engaging in their livelihood—that is, refrain from speaking about the city for compensation—or submit to the new licensing regime.

## INJURY TO PLAINTIFFS

26. Defendant's attempt to restrict the discussion of information about the city's geography, history, historic sites, historic structures, historic objects or other places of interest on paid tours in the Center City Tourist Area will cause continued and irreparable harm to Plaintiffs.

27. This case is brought as a facial challenge, prior to the city's unveiling a particular test because the mandatory licensing scheme, as constituted, will inevitably violate Plaintiffs' fundamental constitutional rights and the rights of others in Philadelphia.

28. The tour-guide licensing scheme envisioned by section 9-214 will impose an unconstitutional prior restraint on Plaintiffs by requiring them to refrain from speaking until they pass an examination and receive permission from an administrative agency.

29. The tour-guide licensing scheme envisioned by section 9-214 will also impose an unconstitutional prior restraint on Plaintiffs by vesting unchecked discretion in the administrative agency to determine who must take a written examination and who may be licensed without examination.

30. Further, preparing for and taking the written examination envisioned by section 9-214 will require Plaintiffs to spend time reviewing material that the administrative agency deems important for the test—time that could be spent reviewing material Plaintiffs deem necessary for improving their tours.

6

31. The requirements imposed by section 9-214 in order to speak will be costs imposed on Plaintiffs solely because of the nature and content of their speech.

32. Without a certification from Defendant, Plaintiffs will be unable to meaningfully share their opinions, thoughts, and knowledge about the Center City Tourist Area with paying customers.

33. Moreover, none of these costs to Plaintiff are necessary to achieve Defendant's stated objectives. A number of less restrictive alternatives—including a voluntary, rather than mandatory, tour-guide certification system—could have been implemented instead of section 9-214.

## FIRST CAUSE OF ACTION: FREE SPEECH

34 All preceding allegations are incorporated here as if set forth in full.

35. The mandatory licensing regime described above violates Plaintiffs' rights to free speech, guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

36. Unless Defendant is enjoined from enforcing the mandatory provisions of section 9-214, Plaintiffs will suffer continuing and irreparable harm.

## SECOND CAUSE OF ACTION: DUE PROCESS

37. All preceding allegations are incorporated here as if set forth in full.

38. The mandatory licensing regime described above violates Plaintiffs' right to substantive due process guaranteed by the Fourteenth Amendment to the Constitution of the United States because it fails to rationally relate to a legitimate government interest.

39. Plaintiffs earn their living by leading tours; this licensing regime will unfairly, unreasonably, and irrationally deprive them of their right to earn an honest living.

7

40. Defendant has no legitimate interest in developing an official history of Philadelphia with which all tour guides guiding groups through the Center City Tourist Area must be familiar.

41. No conceivable single test could be relevant to all types of tours. Information relevant to an individual leading a tour of purportedly haunted locations would be wholly irrelevant to an individual leading a tour of locations important to the drafting of the Constitution.

42. Unless Defendant is enjoined from enforcing the mandatory provisions of section 9-214, Plaintiffs will suffer continuing and irreparable harm.

## THIRD CAUSE OF ACTION: EQUAL PROTECTION

43. All preceding allegations are incorporated here as if set forth in full.

44. The mandatory licensing regime described above violates Plaintiffs' rights to equal protection under the Fourteenth Amendment to the Constitution of the United States.

45. Section 9-214 arbitrarily and irrationally singles out tour guides for special burdens, excluding the wide variety of occupations that provide identical information or experiences—such as librarians, historical reenactors, docents, or concierges—without leading groups through the Center City Tourist Area.

46. Section 9-214 fails to rationally advance any legitimate government purpose by treating tour guides differently from any other member of the city's hospitality industry.

47. Unless Defendant is enjoined from enforcing the mandatory provisions of section 9-214, Plaintiffs will suffer continuing and irreparable harm.

## REQUEST FOR RELIEF

Wherefore, Plaintiffs respectfully request the following relief:

A. A declaratory judgment by the Court that, facially and as applied to Plaintiffs, section 9-214 of the Philadelphia Code violates the First and Fourteenth Amendments to the United States Constitution;

B. A temporary injunction prohibiting Defendant or its agents from enforcing section 9-214(3), 9-214(12), or 9-214(13) of the Philadelphia Code;

C. A permanent injunction prohibiting Defendant or its agents from enforcing section 9-214(3), 9-214(12), or 9-214(13) of the Philadelphia Code;

D. Nominal damages in the amount of one dollar ($1);

E. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

F. Any other legal or equitable relief to which the Plaintiffs may show themselves to be justly entitled.

Dated this 2) day of July, 2008.

Respectfully submitted,

INSTITUTE FOR JUSTICE
William H. Mellor (DC Bar No. 462072)*
Robert J. McNamara (VA Bar No. 73208)*
901 North Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: wmellor@ij.org; rmcnamara@ij.org
*Counsel for Plaintiffs*

LEVINE SULLIVAN KOCH
& SCHULZ, L.L.P.
Gayle C. Sproul (I.D. No. 38833)
Michael Berry (I.D. No. 86351)
2112 Walnut Street, Third Floor
Philadelphia, PA 19103
Tel: (215) 988-9778
Fax: (215) 988-9750
Email: gsproul@lskslaw.com,
        mberry@lskslaw.com
*Pennsylvania Counsel for Plaintiffs*

* Motions for admission *pro hac vice* to be filed.