**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL TAIT, ET AL.,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | : | **No. 08-3083** |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON BEHALF OF DEFENDANT THE CITY OF PHILADELPHIA**

Defendant the City of Philadelphia, by and through counsel, hereby submits the following proposed findings of fact and conclusions of law:

**I.     PROPOSED FINDINGS OF FACT**

**A.     Defendant hereby incorporates the following facts which were submitted to the Court as "Stipulations of Fact":**

1.     On April 3, 2008, Philadelphia City Council passed Bill 080024-A.

2.     Mayor Michael Nutter signed Bill 080024-A, now Philadelphia Code § 9-214, on April 16, 2008.

3.     Michael Tait is a resident of Philadelphia, Pennsylvania.  He currently earns a living as a tour guide, leading tours through Center City Philadelphia as an employee of Constitutional Guided Walking Toyurs, LLC, a Philadelphia-based tour company, and as an independent contractor working for various tour companies operating in the city.

4.     Ann Boulais is a resident of Philadelphia, Pennsylvania.  She is an employee of American Trolley Tours, in which capacity she both writes

scripts used by the company's tour guides and leads tours through Center City Philadelphia herself.

5. Joshua Silver is a resident of Philadelphia, Pennsylvania. He currently earns a living as a tour guide, leading tours through Center City Philadelphia as an independent contractor for various tour companies operating in the city.

6. Among the three of them, Plaintiffs have led literally hundreds of tours and possess substantial expertise in the City of Philadelphia's geography and history.

**B.      Defendant proposes that the Court find the following additional facts based on the testimony and evidence presented at the hearing:**

7. The purpose of the ordinance is to ensure that tour guide operators have a "fluent, informed, accurate, current knowledge of the various historical stops in the City of Philadelphia."

8. Several other cities in the U.S. in which historical tourism is a large part of the local economy, including New York, Savannah, Williamsburg and Charleston, have enacted licensing requirements for tour guides.

9. Plaintiffs are professional tour guide operators.

10. Although the language in the ordinance provides that the effective date of the law is 180 days after enactment, the City has not designated a department that will be responsible for development and administration of the certification process and enforcement of the statute.

**II.    CONCLUSIONS OF LAW**

   **A.  Plaintiffs cannot demonstrate irreparable harm, and thus, the Court should deny their motions for preliminary and permanent injunctive relief.**

   1.  Plaintiffs must demonstrate "a presently existing actual threat" to meet the irreparable harm requirement.  <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 487 (3d Cir. 2000).

   2.  Although the ordinance becomes effective on October 13, 2008, the Office of Arts and Culture has not yet established a department to administer the certification examination and to enforce the ordinance.

   3.  Moreover, Plaintiffs cannot claim irreparable harm simply because they will have to spend $25.00 on a license application at some point in the future.  <u>See, e.g.</u>, <u>Hohe v. Casey</u>, 868 F.2d 69 (3d Cir. 1989) (no irreparable harm where First Amendment "deprivation" is purely monetary).

   4.  Plaintiffs' failure to demonstrate irreparable harm is fatal to his motion for a permanent injunction.  <u>Shields v. Zuccarini</u>, 254 F.3d 476, 482 (3d Cir. 2001) (citing <u>ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ.</u>, 84 F.3d 1471, 1477 nn. 2-3 (3d Cir. 1996).

   **B.  Plaintiffs are unlikely to succeed on the merits of their claim.**

   1.  Local governments "have a compelling interest in the practice of professions within their boundaries, and … as part of their power to protect the public health, safety, and other valid interests they have broad power to establish standards for licensing practitioners and regulating the

3

practice of professions." <u>Florida Bar v. Went For It, Inc.</u>, 515 U.S. 618, 625 (1995).

2.  "The principal inquiry in determining whether a regulation is content-neutral or content-based is whether the government has adopted the regulation because of disagreement with the message it conveys." <u>Turner Broad. Sys., Inc. v. FCC</u>, 512 U.S. 622, 641 (1994).

3.  The Supreme Court has made plain that the "generalized due process right to choose one's field of private employment … is nevertheless subject to reasonable government regulation." <u>Conn v. Gabbert</u>, 526 U.S. 286, 292 (1999).

4.  A local government may impose professional education requirements which it believes necessary to protect its citizens and remain well within the bounds of the Due Process Clause. <u>See</u> <u>Graves v. Minnesota</u>, 272 U.S. 425, 428-29 (1926).

5.  The Tour Guide Ordinance is rationally related to the City's legitimate interests in promoting professionalism among its tour guides and protecting its citizens from unqualified tour guides. <u>See, e.g.,</u> <u>Eatough v. Albano</u>, 673 F.2d 671 (3d Cir. 1982); <u>National Association for the Advancement of Psychoanalysis v. California Board of Psychology</u>, 228 F.3d 1043, 1051 (9th Cir. 2000).

6.  The City has a legitimate interest in establishing minimum competency requirements for the tour guide profession, and the ordinance does not regulate the content of the of the tour guides' speech.

**C. The City Will Be Harmed Significantly If The Court Grants a Preliminary Injunction.**

1. Once the City establishes a department to develop and administer an examination and certification process, it should be permitted to enforce the ordinance.

2. There is already a great proliferation of misinformation about the City's history and geography by tour guides in Center City, as well as a concern about the general professionalism and expertise of the City's paid tour guides.

3. If the tour guide industry continues to go unchecked, the City's reputation and ability to generate income will be affected.

4. City Council is charged with the duty of protecting its citizens, and the ordinance is a means of addressing this concern.

**D. Significant Public Interests Would Be Harmed If The Court Grants a Preliminary Injunction.**

1. The purpose of the legislation is intended to protect the public "from those who seek for one purpose or another to obtain its money."  <u>See National Association for the Advancement of Psychoanalysis</u>, 228 F.3d at 1054.

2.  If the City is not permitted to enforce an ordinance designed to do just that, residents and visitors will continue to be exposed to inaccurate, and often fantastic, lore from an unregulated industry.

Respectfully submitted,

Date: October 3, 2008

/s/ Nicole S. Morris
Nicole S. Morris
Assistant City Solicitor
Law Department-Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5446

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused Defendant's Proposed Findings of Fact and conclusions of Law to be filed, via ECF, and is available for downloading and viewing, and to be served upon the following

> Honorable Jan E. DuBois
> United States District Court
> Room 12613, U.S. Courthouse
> 601 Market Street
> Philadelphia, PA 19106
> (via hand delivery)
>
> Michael Berry, Esq.
> Gayle C. Sproul, Esq.
> Levine Sullivan Koch & Schulz, LLP
> 2112 Walnut Street, Third Floor
> Philadelphia, PA 19103
> (via hand delivery)
>
> Robert J. McNamara, Esq.
> Institute for Justice
> 901 North Glebe Road, Suite 900
> Arlington, VA 22203
> (via e-mail)

By: /s/ Nicole S. Morris
      Nicole S. Morris
      Assistant City Solicitor
      Law Department-Civil Rights Unit
      1515 Arch Street, 14th Floor
      Philadelphia, PA 19102
      (215) 683-5446
      Attorney for Defendant
      The City of Philadelphia

DATED: October 3, 2008